THOMAS, P. J.,
for the Court:
¶ 1. Lester Crocker appeals the decision of the chancery court, raising the following issues as error:
I.THE CHANCELLOR ERRED AS A MATTER OF LAW IN FINDING LESTER CROCKER’S CLAIM OF PERMISSIVE USE WITHOUT MERIT IN PREVENTING THE RIPENING INTO ADVERSE POSSESSION WHEN THE TESTIMONY REVEALED THAT THE CROCKER FAMILY WAS GIVEN PERMISSION FROM THE OWNER TO USE THE SURROUNDING LAND AND THE CHANCELLOR COMMITTED MANIFEST ERROR IN GRANTING DANNY CROCKER TITLE TO THE 1.83 ACRES IN DISPUTE BY ADVERSE POSSESSION WHEN THE EVIDENCE PRESENTED FAILED TO PROVE THE EXISTENCE OF THE SIX ELEMENTS REQUIRED FOR ADVERSE POSSESSION.
II. THE CHANCELLOR ERRED AS A MATTER OF LAW IN OVERRULING LESTER CROCKER’S MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES UNDER RULE 19 OF THE M.R.C.P., THE NECESSARY PARTIES BEING LESTER CROCK-ER’S PREDECESSORS IN TITLE, WHOM DANNY CROCKER ALLEGES ADVERSE POSSESSION AGAINST.
III. THE CHANCELLOR ERRED AS A MATTER OF LAW IN DISMISSING LESTER CROCKER’S COMPLAINT TO REMOVE CLOUDS TO TITLE AND HAVE THE WARRANTY DEEDS, WHICH WERE PROPERLY EXECUTED FOR VALUE AND DELIVERED TO HIM AS A BONA FIDE PURCHASER, RECOGNIZED.
IV. THE CHANCELLOR ERRED AS A MATTER OF LAW IN DETERMINING THE RESPECTIVE PROPERTY INTERESTS OF ALL PARTIES TO THE PROPERTY INVOLVED.
¶ 2. Finding this appeal to be premature, we remand the case to the chancery court.
FACTS
¶ 3. L.E. Crocker and his wife, Lola D. Crocker, purchased as tenants in common approximately three acres of real property in Neshoba County, Mississippi from Mr. and Mrs. W.D. Myers by warranty deed dated November 11, 1953. The Crockers lived and farmed on the three acres. They also used the surrounding land, owned by *439 the Meyers, to raise crops and pasture animals. They eventually fenced in approximately 1.88 acres to the north of the original three acres. Upon this land some animals were raised, and the Crockers kept up the land.
¶ 4. L.E. Crocker died intestate in 1979, leaving as his sole heirs at law his widow, Lola Crocker, and his ten children. Lola Crocker inherited a one-half interest plus a child’s share in the three acres of land. On May 15, 1980, Lola Crocker transferred her interest in the property to her youngest son, Danny Crocker, while reserving a life estate for herself. On subsequent dates, in the months of May and June 1980, seven of Lola Crocker’s children executed quitclaim deeds to her of their % interest in the property. These deeds were never recorded. Duman Crocker, another son, executed a quitclaim deed to Lola of his ^2 interest in May of 1994. This was subsequently recorded.
¶5. On February 28, 1994, Crocker Welding and Equipment Services, Inc., purchased approximately 136 acres of land surrounding the original three acres, including the 1.83 acres to the north. Crocker Welding and Equipment Services, Inc., is a corporation wholly owned by Lester Crocker, Lola Crocker’s eldest son. In April and May of 1994, the seven children, who had previously executed quitclaim deeds of their interest to Lola Crocker, executed for value seven warranty deeds transferring their interests to Lester Crocker. All of these deeds were recorded.
¶ 6. Danny Crocker filed a complaint against Lester Crocker on December 19, 1994. Danny Crocker claimed that the 1.83 acres had been adversely possessed by his family, although he had not personally lived on the property since 1970. Danny Crocker claimed the ownership interests in the three acres plus the 1.83 acres were as follows:
A.Lola Crocker:
1. a widow’s homestead right pursuant to Miss.Code Ann. § 91-1-23 (Rev.1994);
2. a /É2 remainder interest; and
3. a 2%2 present life estate.
B. Danny Crocker:
1. a /fc present interest; and
2. a 2%2 remainder interest after the life estate of Lola Crocker.
C. Lester Crocker:
1. a lhz present and remainder interest.
The complaint further alleged that Crock-er Welding & Equipment Service, Inc., and Jack Thrash trespassed upon the land, cutting and removing timber. Danny Crocker sought removal of all claims and clouds upon title to the land and money damages for the trespass.
¶ 7. Lester Crocker filed an answer and counterclaim to Danny Crocker’s complaint. Lester Crocker denied his family ever adversely possessed the land in question. Lester Crocker alleged that any use by the Crockers of the land was by permission or under a lease agreement with the prior owners. Lester Crocker also alleged that the unrecorded deeds from the various siblings to Danny Crocker impart no notice to a bona fide purchaser. Lester Crocker counterclaimed for damages to certain appliances, tools, and furniture; damages for trespass; damages for interference with Jack Thrash’s attempt to harvest certain timber; damages for missing items in a safe deposit box maintained by both Lola and Danny Crocker; and sought that the deed from Lola Crocker to Danny Crocker in May 1980 be set aside as based on fraud and misrepresentation.
¶ 8. Trial of this matter was held on July 31, 1996, August 8, 1996, and April 23, 1997. By agreement, it was stipulated by the parties that only two issues were to be tried, whether Lester Crocker had knowledge of the unrecorded quitclaim deeds and whether a case for adverse possession had been made. All other issues were separated for a separate trial or hearing.
*440 ¶ 9. The chancellor issued his opinion on October 24, 1997. The chancellor held that Danny Crocker and “his predecessors in title together with members of his family including his mother, father, and other siblings have been in actual, opened, notorious, visible, exclusive, continuous and uninterrupted peaceful possession of the disputed tract for more than ten years next preceding commencement of this suit.” The chancellor further held that Lester Crocker’s claim that use of the land was permissive was without merit. The chancellor also held that Lester Crocker’s complaint to remove clouds and confirm title was without merit.
¶ 10. A judgment was filed on November 24, 1997, describing the ownership interests as follows:
A. Lola Crocker owns:
1. a widow’s homestead right pursuant to Miss.Code Ann § 91-1-23 (Rev. 1994);
2. a remainder interest; and
3. a 2%2 present life estate.
B. Danny Crocker owns:
1. a % present interest; and
2. a 2& remainder interest after the life estate of Lola Crocker.
C. Lester Crocker owns:
1. a present and remainder interest.
ANALYSIS
¶ 11. Based on the chancellor’s disposition of the subject property it is obvious that he ruled on the validity of the 1980 deed from Lola Crocker to Danny Crock-er. This issue was specifically excluded by agreement so as to be addressed at a separate trial or hearing. Lester Crocker has filed a motion to strike from the record issues pertaining to the validity of the deed from Lola Crocker to Danny Crock-er. We find this motion well taken and should be granted as the chancellor erroneously entered judgment on a bifurcated issue without receiving testimony, evidence, or argument on this matter.
¶ 12. Since the validity of the 1980 deed from Lola Crocker to Danny Crocker is essential in determining the property interests of the various parties and since all other issues cannot properly be decided until the property rights are settled, we remand this case to the Chancery Court of Neshoba County.
¶ 13. THE APPEAL IN THIS MATTER IS DISMISSED WITHOUT PREJUDICE AND REMANDED TO THE CHANCERY COURT OF NESHOBA COUNTY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, AND PAYNE, JJ., CONCUR.